UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CAPITOL INDEMNITY CORPORATION, CIVIL NO. 01-2425 (RHK/JMM)

Plaintiff,

v. ORDER

ESPECIALLY FOR CHILDREN, INC.
and SCOTT HUDLOW,

Defendants.

The above matter came on for a telephonic hearing before the undersigned on May 6, 2002 upon the Motion of P.L. and E.L. to Intervene as Defendants [Docket No. 11]. Craighton T. Boates, Esq. appeared on behalf of Plaintiff; Jeanne H. Unger, Esq. appeared on behalf of Defendants; and Eric J. Askegaard, Esq. appeared on behalf of proposed Intervenors P.L. and E.L. The Parties waived formal oral argument, and submitted the matter for consideration based upon the written pleadings, and the telephonic hearing.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that the Motion of P.L. and E.L. to Intervene as Defendants [Docket No. 11] is denied.

Dated: May 8, 2002

JOHN M. MASON
United States Magistrate Judge

FILED MAY 08 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

## MEMORANDUM

A party is entitled to intervene if it satisfies the provisions of Rule 24(a) of the Federal Rules of Civil Procedure. One of the standards required to be established by the moving party under Rule 24(a)(2) is that its interest will not be adequately represented by existing parties. We conclude that the proposed Intervenors have not satisfied that burden. Defendants have an interest in establishing coverage under the insurance policy that is as great as that of the proposed Intervenors, and are well represented by counsel. Plaintiff relies upon two cases as suggesting that "this requirement is not satisfied where the movant seeks a declaratory judgment that an insurance policy for an existing party provides coverage for a claim" citing Continental Graphics Serv. v. Continental Cas. Co., 681 F.2d 743, 745 (11th Cir. 1982) and Ordinance Container Corp. v. Sperry Rand Corp., 478 F.2d 844 (5th Cir. 1973). We are not satisfied that a party such as the proposed Intervenors may never intervene under these circumstances, but we are persuaded that under the facts in this case, they have not established their right to do so.

We also have considered whether permissive intervention would be appropriate under Rule 24((b), and we conclude that there is not good reason to add an additional party. We also note that Defendants do not oppose the intervention. This suggests that collaboration between counsel for the Defendants and the proposed Intervenors as to this issue may be accomplished without the need for formal intervention.

J.M.M.