**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Capitol Indemnity Corporation,

Plaintiff,

v.

Civil No. 01-2425 (RHK/AJB)
**MEMORANDUM OPINION AND ORDER**

Especially for Children, Inc.
and Scott Hudlow,

Defendants.

---

Joseph A. Nilan, Craighton T. Boates, Gregerson, Rosow, Johnson & Nilan, Minneapolis, Minnesota, for Plaintiff.

Jeanne Hvass Unger, Kimberly T. Ross, Rider, Bennett, Egan & Arundel, Minneapolis, Minnesota, for Defendant Especially for Children, Inc.

---

**Introduction**

Capitol Indemnity Corporation ("Capitol"), a Wisconsin-based insurance company, commenced this suit against Especially for Children, Inc. ("EFCI"), a Minnesota-based corporation that operates child care facilities in the Minneapolis area, and Scott Hudlow, a Minnesota resident and former teacher's aide at EFCI. Capitol seeks a declaratory judgment that it is under no obligation to defend or to indemnify the Defendants against a personal injury action that is currently pending in Hennepin County District Court (hereinafter, "the underlying action"). In that lawsuit, E.L. and P.L., individually and as the parents of a minor child, T.L (collectively "Claimants") allege that

FILED OCT 2 8 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Hudlow repeatedly sexually abused T.L. at EFCI's Eden Prairie facility.

In a Memorandum Opinion and Order dated August 29, 2002, the Court ruled on the parties' cross-motions for summary judgment, holding that Capitol has a duty to defend EFCI against all claims asserted against it in the underlying action. The Court further concluded that whether Capitol has a duty to indemnify EFCI depends on a disputed issue of fact, namely whether any instances of the alleged abuse occurred during the policy period. The Court entered a second Order on August 29, transferring this matter from the October 1 trial calendar to the December 1, 2002, trial calendar and granting EFCI leave to file a motion to stay the trial pending resolution of the state court proceedings. That motion is now before the Court.

Also before the Court is a letter request from Capitol, made pursuant to Local Rule 7.1(g), for leave to bring a motion to reconsider its rulings on summary judgment regarding its duties to defend and to indemnify EFCI. That letter is attached hereto as Exhibit A. The Court requested and received a response from EFCI, which is attached hereto as Exhibit B. The Court will address EFCI's motion to stay first, followed by Capitol's letter request for leave to move for reconsideration.

## I. EFCI's Motion to Stay Proceedings

The decision to grant or deny a motion to stay in a federal declaratory judgment action is committed to district court's discretion. See Verizon Communics., Inc. v. Inverizon Int'l, Inc., 295 F.3d 870, 872 (8th Cir. 2002). In making that decision, "the

district court must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action, not foreclosed under applicable substantive law, can be better settled by the state court." Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 874 (8th Cir. 2000).

EFCI contends that "[t]rying the issue of when the alleged abuse occurred in this declaratory judgment action, before it is tried in the underlying personal injury action, could result in inconsistent verdicts that would subject EFCI to a judgment with no insurance coverage." (Def. EFCI's Mem. Supp. Mot. to Stay at 1.) This argument assumes that the jury in the state court action could determine that the alleged abuse occurred during the Capitol policy period whereas the finder of fact in the declaratory judgment action could determine that the abuse did not occur during the policy period. The Court concludes that this assumption is not well-founded.

Having reviewed the relevant pleadings in both the underlying action and the present case, the Court concludes that the two actions do not involve the same issues between the same parties, and the state court cannot more appropriately resolve the issues presented in this action. Capitol is not a party to the underlying state court action and EFCI does not bear the burden of proof with respect to the claims arising from the alleged abuse. While both this declaratory judgment action and the underlying state court negligence action are governed by state law, the legal issues involved in the two cases are different. The negligence claims asserted against EFCI in the state court action involve

the resolution of *whether* abuse occurred; Capitol's action here for a declaration that no insurance coverage exists for loss caused by the alleged abuse involves the resolution of *when* that alleged abuse occurred. Put another way, the question of *when the alleged abuse occurred* must be decided in order to determine the existence *vel non* of coverage in Capitol's declaratory judgment action but it need not be decided for the Claimants to establish liability against EFCI in the underlying negligence action. As Capitol observes in its responsive memorandum, none of the litigants in the state court action has the burden of establishing when the abuse occurred. Accordingly, the Court will deny EFCI's motion to stay.

## II. Capitol's Request for Leave to Bring Motion for Reconsideration

Capitol seeks leave to bring a motion for reconsideration of the Court's August 29, 2002 summary judgment decision vis-a-vis EFCI on the grounds that subsequent discovery in the underlying state court litigation has established that Hudlow did not abuse T.L. during the policy period. Capitol contends that Hudlow admitted in his deposition to only one instance of abuse occurring after the policy period. EFCI responds that this deposition testimony does not dispose of the factual issue presented by Capitol's declaratory judgment action. EFCI points out that, contrary to his deposition testimony, Hudlow stated in answers to interrogatories that he could not recall the exact date of the abuse. Furthermore, T.L.'s parents stated in their interrogatory responses that T.L. had told them she was abused on more than one occasion. The Court concludes that a motion

for reconsideration is not warranted. Capitol's letter request will therefore be denied.

**Conclusion**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant EFCI's Motion to Stay (Doc. No. 51) is **DENIED**, and Plaintiff Capitol Indemnity Corporation's Letter Request for Leave to File a Motion for Reconsideration is **DENIED**.

Dated: October 28, 2002

RICHARD H. KYLE
United States District Judge